UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID SCHERMERHORN, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE STATE OF ISRAEL, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:16-cv-49 (ABJ) |

**THIRD DECLARATION OF STEVEN M. SCHNEEBAUM, ESQ.,
REGARDING SERVICE OF PROCESS ON DEFENDANTS**

STEVEN M. SCHNEEBAUM, Esq., solemnly states as follows:

1. I am counsel of record to Plaintiffs David Schermerhorn, *et al.*, in the above-captioned case. In that capacity, I submit this report to the Court on the progress of service of process on Defendants.

2. On March 22 (Docket No. 9) and April 22, 2016 (Docket No. 10), I reported on our efforts to serve Defendants pursuant to the Hague Convention on Service of Process Abroad, and 28 U.S.C. § 1608(a)(2). As I informed the Court, the documents we mailed to the Israeli Central Authority were in fact delivered to their destination on February 15, 2016 (meaning that Defendants have had the documents for four months).

3. As I reported in April, after our initial effort to serve under the Hague Convention was rejected, we sent a new packet of materials to the Israeli Central Authority, by Federal Express, on April 13, 2016. The materials sent in this second attempt included all of the documents described in the relevant sections of the Foreign Sovereign Immunities Act (in English and Hebrew), as well as a new cover letter and U.S. Marshals Service Forms No. 94,

1

signed and sealed by the Clerk of this Court: formal requests for service on each party Defendant in language that conforms to the Hague Convention.

4. The service package was delivered to the Office of Administration of the Courts, Israel's Central Authority under the Hague Convention, in Jerusalem on April 20, 2016.

5. On May 20, 2016, I received a phone call from John B. Bellinger, III, and Reeves Anderson, Esqs., of the firm of Arnold and Porter, counsel for Defendants. They informed me that the Israeli Central Authority had decided that it would refuse to honor the request for service, invoking Article 13 of the Convention, which reads as follows:

> Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.
>
> It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.
>
> The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

6. As of the date of this Declaration, neither Israel nor its counsel has indicated the reasons for the refusal, as required by Article 15 (beyond the bare invocation of the Article itself), nor has anyone explained in writing or otherwise how compliance with the request would assertedly "infringe [Israel's] sovereignty or security."

7. Nevertheless, on behalf of Plaintiffs, on May 26, 2016, I initiated service on Defendant the State of Israel under 28 U.S.C. § 1608(a)(3), and on Defendants, the Ministries of Foreign Affairs, Defense, Justice, and Public Security under 28 U.S.C. § 1608(b)(3), by filing with the Court an Affidavit Requesting Foreign Mailing (Docket No. 11). The Clerk granted the request, and sent the service packages, including all materials required under the Foreign

Sovereign Immunities Act, via Federal Express, on the following day. The package dispatched to the State of Israel was addressed to the Head of the Ministry of Foreign Affairs, as required under § 1608(a)(3).

8. The package addressed to the State of Israel was refused without explanation.

9. Delivery of every one of the packages to Defendant Ministries under § 1608(b)(3) was refused by the recipients, citing such grounds as non-recognition of the sender (which was clearly identified as the Clerk of this Court), incorrect address, and lack of adequate identifying information of the addressees (although each package was addressed to the appropriate Minister, at his or her Ministry).

10. I declare under penalty of perjury that the foregoing is true and correct.

June 20, 2016

_____  
Date

_____  
Steven M. Schneebaum